IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ANTHONY BERNARD LANG, #153262**                                           **PLAINTIFF**

v.                                                                  CIVIL NO. 2:21cv81-HSO-JCG

**FORREST COUNTY ADULT**
**DETENTION CENTER, FORREST**
**COUNTY, and ANDRE COOLEY**                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Anthony Bernard Lang is incarcerated with the Mississippi Department of Corrections, and he brings this action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. For the reasons set forth below, Defendants Forrest County Adult Detention Center and Forrest County will be dismissed. The claims against Defendant Andre Cooley will proceed.

I.   BACKGROUND

Lang signed his Complaint on May 25, 2021, and it was filed by the Clerk of Court on June 1, 2021. Compl. [1] at 4. At the time, Lang was a pretrial detainee at the Forrest County Adult Detention Center, *id.* at 1, and is still housed there, Pl.'s Letter [17] at 1. Made Defendants are the jail itself, Forrest County, and jail employee Lieutenant Andre Cooley. Pl.'s Resp. [14] at 1; Compl. [1] at 1. Lang's claims arise from an alleged accident in his cell.

Specifically, Lang asserts that on April 26, 2021, he awoke in his cell and got

up to receive his food tray. Resp. [14] at [1]; Compl. [1] at 4. He alleges that because water was leaking from under his sink, he slipped and fell, hitting his head and landing on his right side. Compl. [1] at 4. Lang claims that he was dizzy, his knee was swollen, and he was unable to walk. Resp. [14] at 1; Compl. [1] at 4. Lang maintains that he was already suffering from injuries to his right lung, leg, and hip from prior car accidents. Compl. [1] at 5. The Complaint asserts that even though a nurse stated that Plaintiff needed to go to the hospital, Lieutenant Cooley did not send him. Resp. [14] at 1; Compl. [1] at 4-5. Lang claims that Cooley instead placed him in lock down because Lang threatened to sue the jail. Compl. [1] at 5.

Plaintiff also alleges that another nurse prescribed him a bottom bunk assignment because his injuries were preventing him from getting into his top bunk, Resp. [14] at 2; Compl. [1] at 6, but that Lieutenant Cooley would not grant the bottom bunk assignment, forcing Lang to sleep on the floor, Resp. [14] at 2; Compl. [1] at 6.

Invoking 42 U.S.C. § 1983, Plaintiff initiated this civil action, asserting claims for deliberate indifference to his health and safety. Compl. [1] at 6. Lang sues the jail and the County in connection with his fall and raises claims for denial of medical care and retaliation against the jail and Lieutenant Cooley. Plaintiff is proceeding *in forma pauperis* in this case.

## II.   DISCUSSION

A.   The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court.   The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte."   *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).   "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."   *Id.*   So long as the inmate "has already pleaded his 'best case,'" and his "insufficient factual allegations [cannot] be remedied by more specific pleading," the Court may dismiss the action sua sponte.   *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)) (best case); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994) (more specific pleading).   Because the Court has

3

permitted Lang to proceed *in forma pauperis*, this case is subject to the provisions allowing for sua sponte dismissal under § 1915.

B.      Claims against the Forrest County Adult Detention Center

Lang sues the jail under § 1983 for various conditions of his confinement. The capacity of a jail to be sued is determined according to state law. Fed. R. Civ. P. 17(b)(3). Under Mississippi law, a jail is not a separate legal entity which may be sued; rather, it is an extension of the county. *Tuesno v. Jackson*, No. 5:08cv302-DCB-JMR, 2009 WL 1269750 (S.D. Miss. Apr. 30, 2009); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (holding sheriff's department is not a legal entity). As such, the jail is not a proper party and should be dismissed.

C.      Claim against Forrest County

Lang next claims that the County violated his constitutional rights because he fell due to the water leaking in his cell. A municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). The policy or custom must cause the constitutional tort. *Id.* at 691. "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Thus, to state a claim against Forrest County under § 1983, Lang must allege (1) the existence of a policymaker, and (2) an official policy or custom, (3) which is the moving force behind a constitutional violation. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "Sheriffs in Mississippi are final policymakers with respect to all law enforcement

decisions made within their counties." *Brooks v. George County*, 84 F.3d 157, 165 (5th Cir. 1996).

Nowhere in the pleadings, however, does Lang allege the existence of any official custom, policy, or practice by the County, let alone how such a policy caused this leak or his fall. Lang asserts only that when he woke up one day his sink was leaking. Lang does not claim that his sink had ever leaked before, nor does he allege that the Sheriff or County were aware of such leak. This is insufficient to state a claim against Forrest County under § 1983.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, pro se Plaintiff Anthony Bernard Lang's claims against Defendants Forrest County Adult Detention Center and Forrest County are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 27th day of September, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE